UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN STEVENSON LEWIS, | Civ. 11-4059-KES |
| Petitioner, | |
| vs. | |
| | ORDER DENYING PETITION FOR |
| DARIN YOUNG, Warden, and MARTY JACKLEY, Attorney General, State of South Dakota, | WRIT OF HABEAS CORPUS |
| Respondents. | |

Petitioner, John Stevenson Lewis, filed a pro se petition for relief under 28 U.S.C. § 2254. Docket 1. The court referred the petition to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of Lewis's § 2254 petition. Magistrate Judge Simko issued a report and recommendation for the disposition of Lewis's § 2254 petition, as well as his motion for appointment of counsel. Dockets 1, 19. Lewis filed timely objections to the report and recommendation. Docket 23. For the reasons set forth herein, Magistrate Judge Simko's report and recommendation is adopted in its entirety.

## DISCUSSION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil

Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Lewis objects to the magistrate judge's findings with regard to the following claims: (1) trial counsel's alleged failure to file a motion to suppress; (2) trial counsel's alleged failure to file a motion to sever Counts 1–9 from Counts 10–13; (3) trial counsel's alleged failure to request the removal of sixteen firearms from the courtroom during trial; (4) trial counsel's alleged failure to prepare and send a jury questionnaire prior to trial; and (5) trial counsel's alleged failure to call or consult with an expert witness at trial. Lewis does not present additional evidence to refute each of the magistrate judge's findings, but generally asserts that the findings were based on an inapplicable legal standard, and that, under a more appropriate legal standard, he is entitled to a finding of ineffective assistance of counsel. The court has reviewed de novo the issues raised by Lewis's objections.

As the magistrate judge noted, federal courts are constrained by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) in their review of state court decisions. More specifically, federal courts are only permitted to exercise a "limited and deferential review of underlying state court decisions." *Osborn v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). A federal court may not grant a writ

of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). Alternatively, "[t]he court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams*, 529 U.S. at 407–08). Notably, a federal habeas court may not issue a writ of habeas corpus because it concludes the state court applied the clearly established federal law erroneously or incorrectly. *Williams*, 529 U.S. at 411. Rather, the court's application must be unreasonable. *Id.*

Lewis objects to the magistrate judge's finding that Lewis failed to establish a claim for ineffective assistance of counsel. To refute Magistrate Judge Simko's findings, Lewis asserts that Magistrate Judge Simko incorrectly based his decision on the legal standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). According to Lewis, Magistrate Judge Simko should have

3

based his decision on the legal standard set forth in *United States v. Cronic*, 466 U.S. 648 (1984). Under the *Cronic* standard, Lewis maintains that the court can presume that Lewis's trial counsel was ineffective based on his failure to (1) file a motion to suppress certain evidence, (2) file a motion to sever the counts for trial, (3) object to the display of sixteen firearms during trial, (4) send out a jury questionnaire, and (5) call or consult with an expert witness. The court will begin its analysis with a review of the federal law governing ineffective assistance claims and then proceed to Lewis's objections to the state court's application of federal law to the facts of his particular case.

**I.     Lewis Has Not Demonstrated That the State Court's Decision Was Contrary to Clearly Established Federal Law.**

Lewis generally objects to the application of the standard, two-part test for ineffective assistance of counsel, which requires petitioners to demonstrate that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Deficient performance is demonstrated by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To establish that such performance prejudiced the defense, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Instead, Lewis contends that the correct standard for assessing his ineffective assistance claim can be found in *Cronic*, where the Supreme Court established a narrow exception to the aforementioned two-part test by holding that a defendant can establish a Sixth Amendment violation "without inquiring into counsel's actual performance or requiring the defendant to show the effect it had on the trial." *Bell*, 535 U.S. at 695 (citing *Cronic*, 466 U.S. at 650, 658). This exception, however, only applies when "circumstances [exist] that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658. Such exceptional circumstances, as contemplated by the Court in *Cronic*, exist where "the accused is denied counsel at a critical stage of his trial," or where "counsel entirely fails to subject the prosecution's case to a meaningful adversarial testing" through effective cross examination. *Id.* at 659. The Court also concluded that the exception applies "when . . . counsel is available to assist the accused during trial, [but] the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *Id.* at 659–60.

The circumstances of Lewis's case are not exceptional. First, because Lewis was represented by counsel at all critical stages of his trial, the court cannot conclude that he was denied the presence of counsel. Second, because

5

Lewis does not assert that counsel continually failed to subject the prosecution's case to an adversarial testing, but rather that he failed to do so at specific points, the court cannot conclude that counsel entirely failed to subject the prosecution's case to an adversarial testing. *See Bell*, 535 U.S. at 696–97 (stating that "[w]hen [the Supreme Court] spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, [the Court] indicated that the attorney's failure must be complete," and holding that respondent's claim did not fit the second exception identified in *Cronic* because respondent only asserted that counsel failed to oppose the prosecution's case at specific points rather than throughout the entire case).

 Finally, because the facts of Lewis's case do not meet the scenario contemplated by the Supreme Court in carving out a third set of exceptional circumstances that warrant the inference of ineffective assistance, the court cannot conclude that Lewis's case was one in which not even a fully competent attorney could have provided Lewis effective assistance at trial. To demonstrate the third type of situation where the exception would apply, the Supreme Court highlighted its decision in *Powell v. Alabama*, 287 U.S. 45 (1932), wherein several defendants had been indicted for a capital offense.

> Six days before trial, the trial judge appointed "all the members of the bar" for purposes of arraignment. . . . On the day of trial, a lawyer from Tennessee appeared on behalf of persons "interested" in the defendants, but stated that he had not had an opportunity

6

> to prepare the case or to familiarize himself with local procedure, and therefore was unwilling to represent the defendants on such short notice. The problem was resolved when the court decided that the Tennessee lawyer would represent the defendants, with whatever help the local bar could provide.

*Cronic*, 466 U.S. at 660 (quoting *Powell*, 287 U.S. at 56). Given these circumstances, the Court in Powell determined that "the likelihood that counsel could have performed as an effective adversary was so remote as to have made the trial inherently unfair." *Id.* at 660–61. An examination of counsel's actual performance at trial was therefore unnecessary. *Id.*

The circumstances presented in *Cronic*, however, were not of the same nature. In *Cronic*, the district court appointed a young real estate attorney to represent the defendant on charges of mail fraud and gave him twenty-five days to prepare for trial, even though the government had taken more than four years to investigate the case. *Cronic*, 466 U.S. at 649. After a jury trial in which appointed counsel refrained from putting on a defense, the defendant was convicted of mail fraud. *Id.* at 651–52. The Tenth Circuit Court of Appeals, however, reversed the conviction based on its inference that the defendant's Sixth Amendment right to the effective assistance of counsel had been violated. *Id.* at 650. The court based its determination on five factors: "(1) [T]he time afforded for investigation and preparation; (2) the experience of counsel; (4) the gravity of the charge; (4) the complexity of possible defenses; and (5) the accessibility of witnesses to counsel." *Id.* at 652 (citations omitted). Upon

7

review, the Supreme Court concluded that the criteria used by the Tenth Circuit did "not justify a presumption of ineffectiveness in the absence of . . . an evaluation" of counsel's performance at trial. *Id.* at 665. Because the "case [was] not one in which the surrounding circumstances [made] it unlikely that the defendant could have received the effective assistance of counsel," the Court reversed the Tenth Circuit's decision and remanded the case for further proceedings to consider specific errors made by counsel at trial. *Id.* at 666–67.

Similarly, in the instant case, the court finds that the circumstances of Lewis's case do not independently establish that Lewis was deprived the effective assistance of counsel. Lewis's trial counsel was appointed shortly after Lewis's arrest on February 2, 2004. He met with Lewis at the SDSP on several occasions and attended several hearings on Lewis's behalf. Furthermore, when he felt unprepared for the June 7, 2004, trial date, Lewis's trial counsel requested and received a continuance until September 20, 2004. *See* Continuance Hr'g Tr. 23–24, June 1, 2004. Lewis's trial counsel had well over seven months to prepare for trial, had been on the case from the very beginning, and as a public defender, was accustomed to defending criminal matters. The circumstances of this case are far less exceptional than those presented in *Powell*, where the Court concluded that an inexperienced attorney who was given just six days to prepare for trial could not possibly render effective assistance; and the circumstances are less exceptional than those

presented in *Cronic*, where the Court concluded that an inference of ineffective assistance was not warranted where an inexperienced attorney had twenty-five days to prepare for trial. Accordingly, the court finds that Lewis is not entitled to an inference of ineffective assistance of counsel.

Because the circumstances of Lewis's case do not present the high likelihood of prejudice required to trigger the narrow exception set forth in *Cronic*, the court finds that the state court did not unreasonably apply clearly established federal law. Rather, both the state court and the magistrate court correctly applied the two-part test set forth in *Strickland*, thus requiring Lewis to demonstrate that counsel's performance was deficient and that such deficiency prejudiced the defense.

**II.     Lewis Has Not Demonstrated That the State Court Unreasonably Applied Clearly Established Federal Law to the Facts of His Case.**

As Magistrate Judge Simko indicated, federal review of ineffective assistance claims in § 2254 petitions is "twice deferential: we apply a highly deferential review to the state court decision; the state court, in turn, is highly deferential to the judgments of trial counsel." *Nooner v. Norris*, 402 F.3d 801, 808 (8th Cir. 2005). The court therefore presumes that the state court's factual findings are correct unless there is evidence "that the state court's findings lacked even fair support in the record." *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). In his objections to the report and recommendation, however, Lewis does not offer additional evidence to demonstrate that the state court's

9

findings were either factually unfounded or involved an unreasonable application of clearly established federal law.

First, with regard to trial counsel's alleged failure to file a motion to suppress evidence unlawfully obtained from Lewis's storage shed, Lewis has not demonstrated that such motion would have been successful. As the state habeas court's findings of fact and conclusions of law establishes, a search warrant was executed on the storage shed. See Docket 7-1 at 4. Consequently, it is irrelevant whether law enforcement officers were aware of Lewis's parole status or the corresponding search and seizure clause that allowed law enforcement officers to conduct searches of Lewis's property without first obtaining a warrant. A search warrant was obtained prior to the search of Lewis's storage shed, and so a motion to suppress evidence obtained pursuant to such warrant would have been futile.[1]

Second, with regard to trial counsel's alleged failure to file a motion to sever Counts 1–9 from Counts 10–13, Lewis has provided no new evidence to demonstrate that the state court's findings were either factually unfounded or unreasonable. Testimony from the state habeas hearing coupled with state court findings demonstrates that a motion to sever would have been futile because all thirteen charges were " 'based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a

---

[1] As the magistrate judge noted, failure to file a futile motion does not constitute ineffective assistance of counsel. Docket 20 at 22 (citing *Hale v. Lockhart*, 903 F.2d 545, 549 (8th Cir. 1990)).

common scheme or plan' within the meaning of SDCL 23A-6-23."[2] Docket 7-1 at 4–5. Furthermore, even if a motion to sever had been filed and granted, the prosecution would have been able to introduce "other acts" evidence during each trial to demonstrate knowledge, motive, and intent, thus indirectly invoking facts related to the severed counts and eliminating any benefit rendered through a severance. Id.

Third, with regard to trial counsel's alleged failure to request the removal of sixteen firearms from the courtroom during trial, Lewis has provided no new evidence to demonstrate that the state court's findings were either factually unfounded or unreasonable. Lewis merely asserts that trial counsel's failure to object to the display of firearms throughout trial fell "below the ABA standards." Standards established by the ABA, however, "are only guides." *Strickland*, 466 U.S. at 688. "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id.* at 688–89. The circumstances faced by Lewis's trial counsel included a case wherein the prosecution legitimately relied upon firearms exhibits. Trial counsel made efforts to limit the jury's exposure to the firearms by requesting that the firearms be covered when not

---

[2] The state habeas court concluded that "[a] motion to sever would not have been successful and, if made, would have been denied by the trial court. Docket 7-1 at 6. Again, failure to file a futile motion does not constitute ineffective assistance of counsel. Docket 20 at 22 (citing *Hale v. Lockhart*, 903 F.2d 545, 549 (8th Cir. 1990)).

in use. Docket 7-1 at 6. The request was granted. The state habeas court found that "[t]here was no display of the firearms beyond what was necessary to lay foundation from the six theft victim-witnesses, to present the chain of custody with law enforcement officers, to present expert witnesses' opinions and to offer the firearms into evidence." Id.

Fourth, with regard to trial counsel's alleged failure to prepare and send a special jury questionnaire prior to trial, Lewis has provided no new evidence to demonstrate that the state court's findings were either factually unfounded or unreasonable. Lewis merely alleges that trial counsel's failure to send out a special jury questionnaire prevented Lewis from conducting adequate voir dire. To the contrary, the record supports the state court's finding that Lewis's trial counsel made a reasonable determination not to submit a special jury questionnaire and that trial counsel "made full use of peremptory challenges." Docket 7-1 at 7. Most significantly, because "[t]he potential jurors who indicated that they remembered the case had faint memories and all indicated that they would not be influenced by what little they had seen or heard about the case," Lewis has not established that trial counsel's alleged failure to prepare and send a special jury questionnaire prejudiced the defense. Id.

Finally, with regard to counsel's alleged failure to call or consult with a ballistics expert, Lewis asserts that an expert witness could have established that the "Smith and Wesson Walther PPK/S .380 cal. pistol had a defect that

would have provided reasonable doubt on the attempted murder and aggravated assault charges." Docket 23 at 9. Lewis further represents that the weapon in question "was later recalled." Id. Because Lewis himself did not discover this information until 2009, id., it is unreasonable to believe that trial counsel would have known this information at the time he made the decision regarding a ballistics expert. *See Strickland*, 466 U.S. at 680 ("[C]ounsel's investigatory decisions must be assessed in light of the information known at the time of the decisions, not in hindsight."). At the time trial counsel chose to forgo hiring a ballistics expert, he reasonably believed that an expert would not support Lewis's theory that law enforcement officers planted the Walther .380 handgun.[3] Docket 7-1 at 8. Furthermore, trial "counsel was able to establish favorable points" through cross-examination of the prosecution's experts. Id. Lastly, and again most significantly, even if the court were to assume that trial counsel was deficient in failing to hire a ballistics expert, Lewis has not established that such failure prejudiced the defense or "undermined confidence in the trial." Id.

Based on this information, the court finds that Lewis has failed to demonstrate that the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The court therefore adopts Magistrate

---

[3] Similarly, evidence that the weapon in question was defective would not have supported Lewis's theory that the law enforcement officers planted the weapon.

Judge Simko's recommendation and denies Lewis's § 2254 petition and the ineffective assistance claim therein. Accordingly, it is

ORDERED that the report and recommendation of Magistrate Judge Simko (Docket 20) is adopted in its entirety as supplemented herein. The court rejects Lewis's objections to Magistrate Judge Simko's report and recommendation (Docket 23) and denies Lewis's § 2254 application for relief (Docket 1).

IT IS FURTHER ORDERED that no Certificate of Appealability be issued.

IT IS FURTHER ORDERED that respondents' request to dismiss the petition without an evidentiary hearing (Docket 7) is granted.

Dated September 18, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE